**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| H.M., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF KERN, et al., <br><br> Defendants. | Case No.: 1:20-cv-1339 JLT BAK (BAM) <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS <br><br> (Doc. 9) |

H.M. asserts that Deputy Michael Clark and the County of Kern violated her rights arising under federal and state law through harassment, degrading treatment, and sexual battery. Plaintiff seeks to hold the defendants liable for violations of civil rights under federal and state law, as well as several torts under California law. (*See generally* Doc. 2.)

The County contends Plaintiff fails to a claim against the entity for a violation of California's Unruh Civil Rights Act and seeks dismissal the claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 9.) Plaintiff opposes dismissal, arguing the facts alleged are sufficient to support her claim. (Doc. 13.) The Court finds the matter suitable for decision without oral arguments, and no hearing date will be set pursuant to Local Rule 230(g) and General Order 618. For the reasons set forth below, the motion to dismiss is **GRANTED**, and the fourth cause of action is dismissed with leave to amend.

///

1

**I.     Background and Allegations**

Plaintiff asserts that she worked at Fastrip, a convenience store and gas station, located at 630 Airport Drive in Bakersfield, California. (Doc. 2 at 9, ¶ 13(e).) According to Plaintiff, while she was employed there in 2019, defendant Michael Clark "was a customer of Fastrip who visited the store on a frequent basis, in his Kern County Sheriff's Deputy uniform and/or in his Kern County Sheriff's Deputy patrol vehicle." (*Id.*, ¶ 13(f).)

She alleges Clark "made inappropriate and/or sexually suggestive comments, remarks, and/or statements to Plaintiff," beginning in August 2019 and continuing through October 13, 2019. (Doc. 2 at 9, ¶ 13(d), (g).) Plaintiff asserts that Clark "wrote inappropriate and sexually suggestive writings on paper, including on Fastrip receipts," including after Plaintiff requested Clark "stop because such comments made her feel uncomfortable." (*Id.* at 10, ¶ 13(h).) Plaintiff contends Clark also threatened her and "grabbed Plaintiffs (sic) hand without her consent." (*Id.*, ¶ 13(i), (j).) Further, she asserts that in "late August to early September," Clark "grabbed, groped, touched, and/or molested Plaintiff's buttocks and made sexually suggestive comments." (*Id.*, ¶ 13(k).)

According to Plaintiff, throughout her interactions with Clark, she "repeatedly told [him] to stop his inappropriate and/or threatening conduct as well as his sexually suggestive comments." (Doc. 2 at 10, ¶ 13(l).) In addition, she asserts that each of her interactions occurred with Clark "while he was in his Deputy Sheriff's uniform and/or while he had his patrol vehicle." (*Id.*)

On August 26, 2020, Plaintiff filed a complaint against the County, Clark, and "Doe" deputies in Kern County Superior Court, Case No. BCV-20-101992. (Doc. 2 at 4-21.) Plaintiff identified the following causes of action: (1) violation of her civil rights under 42 U.S.C. § 1983; (2) gender violence in violation of Cal. Civil Code § 52.4; (3) violation of her rights under Cal. Civil Code § 51.9; (4) violation of California's Unruh Civil Rights Act; (5) negligent hiring, training, retention, supervision, and/or discipline; (6) assault; (7) intentional infliction of emotional distress; (8) conspiracy; and (9) sexual battery in violation of Cal. Civil Code § 1708. (*See id.* at 5-6, 11-20.)

The County was served with the summons and complaint on August 27, 2020. (Doc. 2 at 2, ¶ 2.) Defendants filed a Notice of Removal on September 18, 2020, thereby initiating the matter before the Court. (Doc. 2.) The County filed its motion to dismiss now before the Court on October 9, 2020.

(Doc. 9.) Plaintiff filed her opposition to the motion on October 26, 2020 (Doc. 13), to which the County filed a reply on November 2, 2020 (Doc. 14).[1]

## **II.     Motions to Dismiss**

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

The Supreme Court explained: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted).

"The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). To the extent pleading deficiencies can be cured by the plaintiff alleging additional facts, leave to amend should be granted. *Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

///

---

[1] As the parties were informed on September 22, 2020, the Eastern District of California is in an ongoing state of judicial emergency. (*See* Doc. 5.) The action was assigned to the undersigned on January 7, 2022. (*See* Doc. 22.)

3

### III. Discussion and Analysis

The County seeks dismissal the fourth cause of action for a violation of California's Unruh Civil Rights Act. (Doc. 9.) The County asserts the claim should be dismissed because Plaintiff fails to state a cognizable claim and the treble damages requested "are not recoverable from Kern County." (*Id.* at 1-2.) On the other hand, Plaintiff argues she "has supported her claim with sufficient factual allegations." (Doc. 13 at 3.)

#### A. The Unruh Civil Rights Act

The Unruh Act "is a public accommodations statute that focuses on discriminatory behavior by business establishments." *Stamps v. Superior Court*, 136 Cal. App. 4th 1441, 1452 (2006) (citation omitted). The Unruh Act prohibits a "business establishment" from discriminating against any person based "their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation." Cal. Civ. Code § 51.

To state a cognizable claim for discrimination under the Unruh Act a plaintiff must allege: (1) she suffered discrimination "in a business establishment;" (2) her protected status "was a motivating factor;" (3) the defendant's action "was the result of its intentional discrimination" against the plaintiff; and (4) the "wrongful conduct caused her to suffer injury." *Grundy v. Walmart Inc.*, 2018 (C.D. Cal. June 22, 2018); *see also Wilkins-Jones v. County of Alameda*, 859 F.Supp.2d 1039,1048 (N.D. Cal. 2012); *Johnson v. Beahm*, 2011 WL 5508893, at *4 (E.D. Cal. Nov. 7, 2011).

#### B. Discrimination

Under the Unruh Act, a plaintiff must allege facts supporting a conclusion that she suffered "*intentional* discrimination." *Cohn v. Corinthian Colleges, Inc*., 169 Cal. App. 4th 523, 526 (2008) (citation omitted, emphasis in original). The County contends the claim arising under the Unruh Act should be dismissed because "Plaintiff has not alleged that she was subject to discrimination, denied equal privileges or services." (Doc. 9 at 5.) The County acknowledges Plaintiff "alleged a sexual battery" but asserts the allegations are insufficient because "conclusory allegations without more are not enough to allege an intentional tort in the guise of a violation of the Unruh Act." (*Id.*)

According to Plaintiff, "in paragraphs 13 through 16, [she] breaks down the wrongful conduct committed by Defendants." (Doc. 13 at 3; *see also* Doc. 2 at 8-11, ¶¶ 13-16.) Further, Plaintiff asserts

she "allege[d] information regarding the wrongful conduct committed by Defendants in paragraphs 18, 21, and 28," which provide:

> 18. Defendants' failure to prevent and remedy the sexual assaults, harassment, degrading treatment, and privacy violations by Defendants and employees of County of Kern, and Does 1 through 100, inclusive, constitutes an official policy, custom, pattern or practice that has deprived Plaintiff of her constitutional right bodily integrity and right to privacy without due process of law in violation of the Fourth, Eighth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.
>
> 21. In engaging in and performing the acts, omissions, and conduct alleged herein, Defendants Deputy Michael Clark and DOES 1 to 50, inclusive, while acting within the course and scope of their employment with Defendants County of Kern, and the Kern County Sheriff's Department, engaged in acts of gender violence and violated Plaintiff's rights under California Civil Code § 52.4.
>
> 28. Defendants Deputy Michael Clark and Does 1 to 50, inclusive made sexual advances, solicitations, sexual requests, demands for sexual compliance by Plaintiff, or engaged in other verbal, visual, or physical conduct of a sexual nature or of a hostile nature based on gender.

(Doc. 13 at 3-4, emphasis omitted; *see also* Doc. 2, ¶¶ 18, 21, 28.) Based upon these allegations, Plaintiff contends she "clearly alleged that she was subject to discrimination and that she was denied equal privileges or services by Defendant[] County of Kern." (*Id.* at 4.)

Notably, the allegations to which Plaintiff directs the Court's attention reflect legal conclusions related to Plaintiff suffering "gender violence"—which is raised as a separate cause of action under Cal. Civ. Code § 52.4—and any unconstitutional policy held by the County. On the other hand, the allegations in the Complaint support a conclusion that Plaintiff is a member of a protected class under the Unruh Act based upon her sex. The allegations also support reasonable inferences that the harassment was intentional and done because Plaintiff is female, based upon the sexual nature of the communications and touching by Clark. *See Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir. 2004) (reasonable inferences may be de drawn in addressing a motion to dismiss).

**C.    County's status as a "business establishment"**

The Unruh Act "expanded the reach of the prior public accommodations statute from common carriers and places of public accommodation and recreation such as railroads, hotels, restaurants and theaters" to include "all business establishments of every kind whatsoever." *Isbister v. Boys' Club of Santa Cruz, Inc*., 40 Cal. 3d 72, 78 (1985) (citing *Marina Point, Ltd. v. Wolfson*, 30 Cal.3d 721, 731 (1982)). Whether a defendant is a "business establishment" under the Unruh Civil Rights Act is a

question of law. *See Rotary Club of Duarte v. Bd. of Dirs.*, 178 Cal. App. 3d 1035, 1050 (1986).

An organization has sufficient business attributes to qualify as a "business establishment" under the Unruh Act when it appears to operate in a capacity that is the functional equivalent of a commercial enterprise. *See Carter v. City of Los Angeles*, 224 Cal. App. 4th 808, 825 (2014). To determine whether an entity may be considered a "business establishment" within the meaning of the Unruh Act, the Court considers numerous factors including:

> (1) what, if any, business benefits one may derive from membership; (2) the number and nature of paid staff; (3) whether the organization has physical facilities, and if so, whether those facilities are incidental to the purposes and programs of the organization; (4) what are the purposes and activities of the organization; (5) the extent to which the organization is open to the public; (6) whether there are any fees or dues for participation or membership; and (7) the nature of the organization's structure.

*McGee v. Poverello House*, 2019 WL 5596875, at *5 (E.D. Cal. Oct. 30, 2019) (citing *Harris v. Mothers Against Drunk Driving*, 40 Cal.App.4th 16, 20 (1995); *Inland Mediation Bd. v. City of Pomona*, 158 F. Supp. 2d 1120, 1151-52 (C.D. Cal. 2001)).

Further, an entity such as a city or county must be acting as a business establishment when the alleged wrongful acts occurred. *See Raiser v. City of Murrieta*, 2021 WL 4202516, at *8 (C.D. Cal. June 7, 2021) ("The Unruh Act… does not apply to cities unless they are functioning as a business establishment"); *see also Harrison v. City of Rancho Mirage*, 243 Cal. App. 4th 162, 173 (2015) (holding the city was not acting as "business establishment" within the meaning of the Unruh Act when it amended existing municipal code); *Romstad v. Contra Costa Cty.*, 41 Fed. App'x 43, 45 (9th Cir. 2003) (affirming holding the county social services department did not qualify as business establishment); *Roe v. Rialto Unified Sch. Dist.*, 2020 WL 2790008, at *5 (C.D. Cal. Feb. 26, 2020) ("Because Plaintiff has not alleged that the City owns or operates the school where the alleged Unruh Act violation took place, she has failed to allege an Unruh Act violation…").

In the Complaint, Plaintiff alleges only that the County "is a 'business' establishments' (sic) within the meaning of the Unruh Act." (Doc. 2 at 15, ¶ 35.) As the County argues, however, this is a legal conclusion. *See Rotary Club of Duarte*, 178 Cal. App. 3d at 1050. Given the complete dearth of factual allegations regarding how Plaintiff believes the County acted as a business establishment at the time of the alleged wrongful acts—which appear to have occurred at a private business not owned or

operated by the County—the Court is unable to find the County was operating as a "business establishment" such that liability may be imposed under the Unruh Act. *See Roe*, 2020 WL 2790008, at *5. Consequently, Plaintiff fails to state a cognizable claim for a violation of the Unruh Act.

### D. Treble Damages

Under the Unruh Act, a liable defendant "is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto…." Cal. Civil Code § 52(a).

The County asserts "Plaintiff's fourth cause of action for alleged violation of the Unruh Act should be dismissed as currently pled, as this cause of action impermissibly requests punitive damages from County of Kern." (Doc. 9 at 5, emphasis omitted.) On the other hand, Plaintiff argues "the 'punitive' damages alleged in the fourth cause of action are permitted despite Government Code §811.2." (Doc. 13 at 6.) Plaintiff asserts:

> As stated in Los Angeles County Metropolitan Transportation Authority v. Superior Court (2004) 123 Cal.App.4th 261, the statute barring imposition of punitive damages against public entities was not intended to proscribe all punitive sanctions. Rather, damages which are punitive in nature, but are not simply or solely punitive in that they fulfill legitimate and fully compensatory functions, are not "punitive damages" within the meaning of the statute so as to preclude their enforcement against public entities.

(Doc. 13 at 6-7.) According to Plaintiff, the treble damages are "necessary to fully compensate her for the constitutional violations and the reputational damages she sustained," and thus the treble damages "are not solely punitive as they fulfill legitimate and fully compensatory functions." (*Id.* at 7.)

As this Court observed previously, "California Government Code § 818 permits a plaintiff who alleges injury caused by a public entity to recover actual, but not punitive, damages for that injury." *M.J. v. Clovis Unified Sch. Dist.*, 2007 WL 1033444, at *13 (E.D. Cal Apr. 3, 2017) (citing *Kizer v. County of San Mateo*, 53 Cal. 3d 139, 145 (1991). "Treble damages provisions in specific statutes are not intended to abridge the § 818 protection unless the legislature expressly states an intention to do so." (*Id.*, citing *Wells v. One2One Learning Foundation*, 39 Cal. 4th 1164, 1196 (2006) [finding a treble damages provision found under California's False Claims Act did not abridge public entity's

7

immunity from punitive damages set forth in Section 818]). Because the damages provision in the Unruh Act in Cal. Civ. Code § 52 "expresses no intention to apply a punitive damages provision to a public entity," this Court determined Section 52 "does not abridge the protections contained within California Government Code § 818." *Id.* Accordingly, it determined treble damages were not available against a public entity "entitled to the protection of § 818." *Id.*

Similarly, the Central District determined treble damages were not available against a public entity, noting that in *Harris v. Capital Growth Investors XIV*, the court "characterized § 52(a)'s treble damages provision as 'an exemplary award … [that] reveals a desire to punish intentional and morally offensive conduct.'" *Archibald v. County of San Bernardino*, 2018 WL 8949779 (C.D. Cal. May 10, 2018) (quoting *Harris*, 52 Cal. 3d 1142, 1172 (1991).) Further, the Central District observed "courts have relied on *Harris* to find that treble damages under § 52(a) are punitive and therefore unavailable against a public entity." *Id.* (citing, e.g., *Jefferson v. City of Fremont*, 2012 WL 1534913, at *7 (N.D. Cal. Apr. 30, 2012)). Because the treble damages under Section 52(a) bear "hallmarks of punitive damages"—including being awarded at the discretion of the factfinder, in an amount that is not fixed— the Central District also concluded treble damages were not available for a claim under the Bane Act against a public entity pursuant to Section 818. *Id.* (citing *Los Angeles Metro. Transp. Auth.,* 123 Cal. App. 4th 261 at 275-276).

Because California Government Code § 818 does not permit the recovery of punitive damages against a public entity such as the County, Plaintiff is unable to recover treble damages under Section 52(a). *See M.J.*, 2007 WL 1033444, at *13 (striking allegations for treble damages under the Unruh Act). Accordingly, the motion to dismiss is granted.

**IV.     Request for Leave to Amend**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations, internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

8

the allegation of other facts." *Id*. at 1130 (internal quotation marks omitted).  Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith.  *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).

Plaintiff requests that if the motion to dismiss is granted, she be granted leave to amend.  (Doc. 13 at 7.)  The Court has insufficient information to conclude that amendment is futile due to the sparsity of allegations in the Complaint.  Amendment would allow Plaintiff to clarify the basis for her belief that the County operated as a "business establishment" at the time the wrongful acts occurred and assist the Court in its evaluation of the merits of her claim under the Unruh Act.  Further, it does not appear amendment would cause undue delay at this juncture, and there is no evidence he acted in bad faith.  Thus, the request for leave to amend is granted.

**V.     Conclusion and Order**

For the reasons set forth above, the Court **ORDERS**:

1. The motion to dismiss (Doc. 9) is **GRANTED**;
2. Plaintiff's fourth cause of action for a violation of the Unruh Act is **DISMISSED** with leave to amend; and
3. Plaintiff **SHALL** file any First Amended Complaint within thirty days of the date of service of this order. If Plaintiff does not file an amended pleading, the Complaint (Doc. 2) shall be deemed the operative pleading, with fourth cause of action dismissed.

IT IS SO ORDERED.

Dated:   **January 31, 2022**

UNITED STATES DISTRICT JUDGE