1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

| | | |
|---|---|---|
| 11 | H.M., | ) Case No.: 1:20-cv-1339 JLT BAK (BAM) |
| 12 | Plaintiff, | ) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| 13 | v. | ) (Doc. 31) |
| 14 | COUNTY OF KERN, et al., | ) |
| 15 | Defendants. | ) |

16

17      H.M. asserts that Deputy Michael Clark and the County of Kern violated her rights arising

18 under federal and state law through harassment, degrading treatment, and sexual battery.  Plaintiff seeks

19 to hold the defendants liable for violations of civil rights under federal and state law, as well as several

20 torts under California law.  (*See generally* Doc. 2.)

21      The County contends Plaintiff fails to state a claim against the entity for a violation of

22 California's Unruh Civil Rights Act and seeks dismissal with prejudice of the fourth claim in the First

23 Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 31.)

24 Plaintiff opposes dismissal, arguing the facts alleged are sufficient to support the claim.  (Doc. 36.)

25 The Court finds the matter suitable for decision without oral arguments, and no hearing date will be set

26 pursuant to Local Rule 230(g).  (*See* Doc. 33.)  For the reasons set forth below, the motion to dismiss

27 is **GRANTED**, and the claim is dismissed without leave to amend.

28 *///*

## I.        Background and Allegations

Plaintiff asserts that she worked at Fastrip, a convenience store and gas station, located at 630 Airport Drive in Bakersfield, California.  (Doc. 2 at 9, ¶ 13(e).)  According to Plaintiff, while she was employed there in 2019, defendant Michael Clark "was a customer of Fastrip who visited the store on a frequent basis, in his Kern County Sheriff's Deputy uniform and/or in his Kern County Sheriff's Deputy patrol vehicle."  (*Id.*, ¶ 13(f).)

She alleges Clark "made inappropriate and/or sexually suggestive comments, remarks, and/or statements to Plaintiff," beginning in August 2019 and continuing through October 13, 2019.  (Doc. 2 at 9, ¶ 13(d), (g).)  Plaintiff asserts that Clark "wrote inappropriate and sexually suggestive writings on paper, including on Fastrip receipts," including after Plaintiff requested Clark "stop because such comments made her feel uncomfortable."  (*Id*. at 10, ¶ 13(h).)  Plaintiff contends Clark also threatened her and "grabbed Plaintiffs (sic) hand without her consent."  (*Id.*, ¶ 13(i), (j).)  Further, she asserts that in "late August to early September," Clark "grabbed, groped, touched, and/or molested Plaintiff's buttocks and made sexually suggestive comments."  (*Id.*, ¶ 13(k).)

According to Plaintiff, throughout her interactions with Clark, she "repeatedly told [him] to stop his inappropriate and/or threatening conduct as well as his sexually suggestive comments."  (Doc. 2 at 10, ¶ 13(l).)  In addition, she asserts that all of her interactions occurred with Clark "while he was in his Deputy Sheriff's uniform and/or while he had his patrol vehicle."  (*Id.*)

On August 26, 2020, Plaintiff filed a complaint against the County, Clark, and "Doe" deputies in Kern County Superior Court, Case No. BCV-20-101992.  (Doc. 2 at 4-21.)  Defendants filed a Notice of Removal on September 18, 2020, thereby initiating the matter before this Court.  (Doc. 2.)  The County moved to dismiss Plaintiff's claim under the Unruh Act, and the motion was granted on January 31, 2022.  (Docs. 9, 25.)  The Court found "[a]mendment would allow Plaintiff to clarify the basis for her belief that the County operated as a 'business establishment' at the time the wrongful acts occurred," and granted the request for leave to amend.  (Doc. 25 at 9.)

Plaintiff filed her First Amended Complaint on March 2, 2022.  (Doc. 26.)  Plaintiff identified the following causes of action: (1) violation of her civil rights under 42 U.S.C. § 1983; (2) gender violence in violation of Cal. Civil Code § 52.4; (3) violation of Cal. Civil Code § 51.9; (4) violation of

1  California's Unruh Civil Rights Act; (5) negligent hiring, training, retention, supervision, and/or

2  discipline; (6) assault; (7) intentional infliction of emotional distress; (8) conspiracy; and (9) sexual

3  battery in violation of Cal. Civil Code § 1708.  (*See id.* at 2-3, 8-18.)  On March 30, 2022, the County

4  filed the motion to dismiss now before the Court, seeking dismissal of the fourth cause of action with

5  prejudice.  (Doc. 31.)  Plaintiff filed her opposition to the motion on May 5, 2022.  (Doc. 36.)

6  **II.     Motions to Dismiss**

7         A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729,

8  732 (9th Cir. 2001).  Dismissal of a claim under Rule 12(b)(6) is appropriate when "the complaint lacks

9  a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v.*

10  *Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  Thus, under Rule 12(b)(6), "review is

11  limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

12         The Supreme Court explained: "To survive a motion to dismiss, a complaint must contain

13  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

14  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

15  (2007)). The Supreme Court explained,

16         A claim has facial plausibility when the plaintiff pleads factual content that allows the
        court to draw the reasonable inference that the defendant is liable for the misconduct
17         alleged. The plausibility standard is not akin to a "probability requirement," but it asks
        for more than a sheer possibility that a defendant has acted unlawfully. Where a
18         complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops
        short of the line between possibility and plausibility of 'entitlement to relief.'"

19

20  *Iqbal*, 556 U.S. at 678 (internal citations omitted).

21         "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled

22  to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a

23  recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236

24  (1974).  The Court "will dismiss any claim that, even when construed in the light most favorable to

25  plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing*

26  *Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  To the extent pleading deficiencies can be

27  cured by the plaintiff alleging additional facts, leave to amend should be granted.  *Cook, Perkiss &*

28  *Liehe, Inc. v. Northern Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

3

III.    **Discussion and Analysis**

The County seeks dismissal the fourth cause of action for a violation of California's Unruh Civil Rights Act.[1]  (Doc. 31.)  The County asserts the claim should be dismissed because the claim does not apply to public entities.  (*Id.* at 3-4.)  The County also contends Plaintiff failed to allege facts sufficient to support a conclusion that the County is a "business establishment" within the meaning of the Unruh Act.  (*Id.* at 4-7.)  On the other hand, Plaintiff argues public entities may be business entities, and the allegations in the FAC show the "County of Kern can be held liable under the Unruh Act." (Doc. 36 at 3-4.)

A.    **The Unruh Civil Rights Act**

The Unruh Act "is a public accommodations statute that focuses on discriminatory behavior by business establishments."  *Stamps v. Superior Court*, 136 Cal. App. 4th 1441, 1452 (2006) (citation omitted).  The Unruh Act prohibits a "business establishment" from discriminating against any person based "their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation." Cal. Civ. Code § 51.

To state a cognizable claim for discrimination under the Unruh Act a plaintiff must allege: (1) she suffered discrimination "in a business establishment;" (2) her protected status "was a motivating factor;" (3) the defendant's action "was the result of its intentional discrimination" against the plaintiff; and (4) the "wrongful conduct caused her to suffer injury."  *Grundy v. Walmart Inc.*, 2018 (C.D. Cal. June 22, 2018); *see also Wilkins-Jones v. County of Alameda*, 859 F.Supp.2d 1039,1048 (N.D. Cal. 2012); *Johnson v. Beahm*, 2011 WL 5508893, at *4 (E.D. Cal. Nov. 7, 2011).

B.    **Applicability to public and government entities**

The County asserts that "the Unruh Act is a public accommodations statute that does not apply to governmental entities under any circumstances."  (Doc. 31 at 3, citing *Brennon B. v. Superior Court*, 57 Cal.App.5th 367 (2020), *review granted*, *Brennon B. v. Superior Court*, 275 Cal. Rptr. 3d 232 (Cal. Feb. 24, 2021).)  The Count contends "review of *Brennon B.* will persuade the Court that the Unruh Act

---

[1] Plaintiff seeks to hold both the County and Clark liable under the Unruh Act.  (Doc. 26 at 11.)  The County addresses only the claim to the extent it is raised against the government entity.  (Doc. 31.)  Accordingly, the Court constrains its analysis to the liability of the County.

categorically does not apply to a governmental entity." (*Id.*)  Further, the County asserts:

> The great weight of authority supports *Brennon B.*'s conclusion. The following decisions held that the Unruh Act did not apply to the governmental entities in those cases: *Burnett v. San Francisco Police Dep't*, 36 Cal.App.4th 1177 (1995) (Act did not apply to city ordinance); *Qualified Patients Ass'n v. City of Anaheim*, 187 Cal.App.4th 734 (2010) (same); *Harrison v. City of Rancho Mirage*, 243 Cal.App.4th 162 (2015) (same); *Romstad v. Contra Costa Cnty.*, 41 F. App'x 43 (9th Cir. 2002); (Act did not apply to county social services department); *Taormina v. Cal. Dep't of Correction*s, 946 F.Supp. 829, 834 (S.D. Cal. 1996) (Act did not apply to prison); *McColm v. San Francisco Hous. Auth.*, 2009 Lexis 80748, at *36–37 (N.D. Cal. Sep. 4, 2009) (Act did not apply to San Francisco Housing Authority); *Roe v. Rialto Unified Sch. Dist.*, 2020 Lexis 96071, at *13 (C.D. Cal. Feb. 26, 2020) (Act did not apply to city because "the Unruh Act applies to owners and operators of a specific place, rather than providers of a service"); *Rubin v. City of Inglewood*, 2020 Lexis 168059 (C.D. Cal. July 17, 2020) (Act did not apply to city); *Raiser v. City of Murrieta*, 2021 Lexis 176795, at *21–22 (C.D. Cal. June 7, 2021) (Act did not apply because no facts alleged that police officer or city were engaged in commercial activity); *cf. Carter v. City of Los Angeles*, 224 Cal.App.4th 808, 825 (2014) (stating, in dicta, "The Unruh Civil Rights Act allows recovery of damages for discrimination by a business establishment in the course of furnishing goods, services or facilities to its clients, patrons or customers. [¶] We think a public entity providing sidewalks and curbs to its citizens does so as a public servant, not a commercial enterprise").

(Doc. 31 at 3-4.)

Plaintiff contends the County's "argument has no merit." (Doc. 36 at 3.)  Plaintiff asserts the term "business establishment" was "intended… to be interpreted 'in the broadest sense reasonably possible.'" (*Id.* at 3, quoting *Ishister v. Boys' Club of Santa Cruz, Inc.*, 40 Cal.3d 72, 78 (1985).)  Plaintiff observes: "[C]ourts have concluded that various governmental entities constitute a "business establishment" within the meaning of the Unruh Civil Rights Act." (*Id.*, citing, *e.g.*, *Harper v. Lughauer*, 2012 WL 1029996, *5 (N.D. Cal. Mar. 15, 2012) [assuming arguendo that San Francisco can be considered as a business establishment under the Unruh Act]; *Walsh v. Tehachapi Unified School Dist.*, 827 F.Supp.2d 1107, 1123 (E.D. Cal. 2011) [public school is a business establishment under the Unruh Act]; *Madrigal v. City of Santa Maria*, 2011 WL 4865 59, at *1, 7 (C.D. Cal. Feb. 7, 2011) [declining to dismiss Unruh Act claim brought against city and several city police officers].)  Further, Plaintiff notes:

> Courts have determined that Counties and public entities are qualified business establishments within the meaning of California Civil Code § 51, while the individual defendants had potential liability under California Civil Code § 52. Gibson v. County of Riverside, 181 F.Supp.2d 1057 (C.D. Cal. 2002). See Nicole M. By and Through Jacqueline M. v. Martinez Unified School Dist., 964 F.Supp. 1369, 1388 (N.D. Cal. 1997) (Unruh Act claim stated against public school district);

5

Doe By and Through Doe v. Petaluma City School Dist., 830 F.Supp. 1560, 1581-82 (N.D. Cal. 1993) (same); Sullivan By and Through Sullivan v. Vallejo City Unified School Dist., 731 F.Supp. 947, 952 (E.D. Cal. 1990) (same)

(*Id.* at 3-4 (sic).)

In *Brennan B.* the court observed the California Supreme Court has not yet "consider[ed] whether a government entity, and specifically an agent of the state performing a state constitutional obligation, such as a public school district, is a business establishment within the meaning of the Act." *Id.*, 57 Cal.App.5th at 369.  The court reviewed the background of the Unruh Act and found "nothing in the historical context from which the Unruh Civil Rights Act emerged suggests the state's earlier public accommodation statutes were enacted to reach 'state action.'" *Id.* at 372.  Rather, the court found "there is much authority to the contrary—that these statutes were enacted to secure within our state law the prohibition against discrimination by privately owned services and enterprises." *Id.*  Further, the court noted the state's law was repeatedly amended, and the language omitted all prior references to schools. *Id.* at 373-78.  The court concluded "California's public school districts are not business establishments under the Act." *Id.* at 389.  The court opined this conclusion was "consistent with decisions by other Courts of Appeal that have considered whether a government entity was a business establishment under the Unruh Civil Rights Act and concluded they were not." *Id.* at 389-90, citing, *e.g., Harrison v. City of Rancho Mirage*, 243 Cal.App.4th 162, 175 (2015); *Qualified Patients Assoc. v. City of Anaheim*, 187 Cal.App.4th 734, 764 (2010); *Burnett v. San Francisco Police Dep't*, 36 Cal.App.4th 1177, 1191–1192 (1995).  However, the court acknowledged each of the cases cited "generally focused on a government entity's legislative activity." *Id.* at 390.

Notably, as the County acknowledges, the Supreme Court granted review of *Brennan B.*  (*See* Doc. 31 at 3.)  Under the California Rules of Court, when a review is pending, "a public opinion of a Court of Appeal in the matter has no binding or precedential effect…." Cal. R. of Ct. Rule 8.115(e)(1).  Consequently, the decision that the state's public school districts are not business establishments does not, at this time, have a binding effect.  Moreover, the *Brennan B.* court did not opine that *all* public entities and government entities are excluded as "business establishments" under the Unruh Act.  Thus, this Court declines to find—as the County suggests—*Brennan B.* mandates a conclusion that the Unruh Act never applies to government entities.  Instead, the Court must determine whether the County

1    operated in the capacity of a "business establishment."  *See Carter v. City of Los Angeles*, 224 Cal.

2    App.4th 808, 825 (2014); *see also Brennan B.* 57 Cal.App.5th at 390 (noting cases addressing the

3    liability of government entities under the Unruh Act evaluated the actions taken by the entity).

4          **C.**      **County's status as a "business establishment"**

5          The Unruh Act "expanded the reach of the prior public accommodations statute from common

6    carriers and places of public accommodation and recreation such as railroads, hotels, restaurants and

7    theaters" to include "all business establishments of every kind whatsoever."  *Isbister v. Boys' Club of*

8    *Santa Cruz, Inc.*, 40 Cal.3d 72, 78 (1985) (citing *Marina Point, Ltd. v. Wolfson*, 30 Cal.3d 721, 731

9    (1982)).  Whether a defendant is a "business establishment" under the Unruh Civil Rights Act is a

10   question of law.  *See Rotary Club of Duarte v. Bd. of Dirs.*, 178 Cal.App.3d 1035, 1050 (1986).

11         An organization has sufficient business attributes to qualify as a "business establishment"

12   under the Unruh Act when it appears to operate in a capacity that is the functional equivalent of a

13   commercial enterprise.  *See Carter*, 224 Cal.App.4th at 825.  To determine whether an entity may be

14   considered a "business establishment" within the meaning of the Unruh Act, the Court considers

15   numerous factors including:

16           (1) what, if any, business benefits one may derive from membership; (2) the number

17           and nature of paid staff; (3) whether the organization has physical facilities, and if
     so, whether those facilities are incidental to the purposes and programs of the

18           organization; (4) what are the purposes and activities of the organization; (5) the
     extent to which the organization is open to the public; (6) whether there are any fees

19           or dues for participation or membership; and (7) the nature of the organization's
     structure.

20   *McGee v. Poverello House*, 2019 WL 5596875, at *5 (E.D. Cal. Oct. 30, 2019) (citing *Harris v.*

21   *Mothers Against Drunk Driving*, 40 Cal.App.4th 16, 20 (1995); *Inland Mediation Bd. v. City of*

22   *Pomona*, 158 F. Supp. 2d 1120, 1151-52 (C.D. Cal. 2001)); *see also Williams v. County of Alameda*,

23   2018 U.S. Dist. LEXIS 185930 at *14-15 (N.D. Cal. Oct. 30, 2018) (identifying the same factors as

24   relevant to determine whether a government entity was liable as a "business establishment" under the

25   Unruh Act).

26         Furthermore, an entity such as a city or county must be acting as a business establishment

27   when the alleged wrongful acts occurred.  *See Raiser v. City of Murrieta*, 2021 WL 4202516, at *8

28   (C.D. Cal. June 7, 2021) ("The Unruh Act … does not apply to cities unless they are functioning as a

business establishment"); *see also Harrison v. City of Rancho Mirage*, 243 Cal. App. 4th 162, 173

(2015) (holding the city was not acting as "business establishment" within the meaning of the Unruh

Act when it amended existing municipal code); *Romstad v. Contra Costa Cty.*, 41 Fed. App'x 43, 45

(9th Cir. 2003) (affirming the decision holding the county social services department did not qualify as

business establishment).

Plaintiff contends the allegations in the FAC are sufficient to support a conclusion that the

County "can be held liable under the Unruh Act." (Doc. 36 at 5; *see also id.* at 2-5.) Opposing the

motion to dismiss, Plaintiff cites paragraphs 36 through 38 of the FAC, which state:

> 36. Defendant County of Kern is a "business establishment" within the meaning of
> the Unruh Act, California Civil Code § 51 and California Civil Code § 51.5, in that
> the County of Kern Sheriff's Department is an establishment intended to provide full
> and equal services to each individual in the County of Kern Sheriff's Department's
> physical jurisdiction, which includes 630 Airport Drive Bakersfield, CA 93308, and
> the surrounding area. Plaintiff is a claimant that should have received equal peace
> officer services to those in a similarly situated position.
>
> 37. Defendant County of Kern is a "business establishment" within the meaning of
> the Unruh Act, California Civil Code § 51 and California Civil Code § 51.5, in that
> the County of Kern Sheriff's Department performs customary business functions, and
> provides services for a fee such as service of process.
>
> 38. Defendant County of Kern is a "business establishment" within the meaning of
> the Unruh Act, California Civil Code § 51 and California Civil Code § 51.5, in that
> the County of Kern Sheriff's Department employs individuals in a calling,
> occupation, or trade for purposes of making a livelihood or gain.

(Doc. 26 at 12, ¶¶ 36-38 [emphasis omitted]; *see also* Doc. 36 at 2.) The County argues these

allegations are "mostly boilerplate, recitations of law devoid of factual content," and insufficient to

show it is a "business establishment." (Doc. 32 at 5; *id.* at 5-7.)

Plaintiff again offers few facts to support a conclusion that the County acted as a business

establishment. Although Plaintiff alleges the County operates the Sheriff Department— and that

department performs business functions, provides services within the jurisdiction, and employs

individuals— these are general allegations that do not support a conclusion that the County acted as a

business establishment at the time of the alleged wrongful acts. For example, Plaintiff merely alleges

the County "performs customary business functions" and "provides services" without addressing the

purposes and programs of the government entity, or whether any actions of the County related to the

matter now pending implicated business operations. Indeed, presumably *any* government entity

8

1  "performs customary business functions" and "provides services," yet courts have declined to impose

2  liability under the Unruh Act when the alleged wrongful acts did not relate to a *business* function. *See,*

3  *e.g., Romstad*, 41 Fed. App'x at 45 (acknowledging that under the Unruh Act the term "business

4  establishment… is to be interpreted broadly," but finding a county's social services department did not

5  qualify as a business establishment when the alleged wrongful acts involved removal of a child from a

6  home); *see also Harrison*, 243 Cal.App.4th at 173 (holding the city did not act as a "business

7  establishment" when it engaged in a legislative function and amended existing municipal code).

8  Moreover, it is indisputable that Plaintiff alleges the wrongful acts occurred at a private business not

9  owned or operated by the County.  The Court is unable to find the County operated as a "business

10  establishment" such that liability may be imposed under the Unruh Act in this action.  *See Roe v. Rialto*

11  *Unified Sch. Dist.*, 2020 WL 2790008, at *5 (C.D. Cal. Feb. 26, 2020) ("Because Plaintiff has not

12  alleged that the City owns or operates the school where the alleged Unruh Act violation took place, she

13  has failed to allege an Unruh Act violation…"); *see also Romstad*, 41 Fed. App'x at 45; *Raiser,* 2021

14  WL 4202516, at *8.  Consequently, the County's motion to dismiss is granted.

15  **IV.    Amendment is Futile**

16      Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely

17  given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate

18  decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122,

19  1127 (9th Cir. 2000) (en banc) (alterations, internal quotation marks omitted).  When dismissing a

20  complaint for failure to state a claim, "a district court should grant leave to amend even if no request to

21  amend the pleading was made, unless it determines that the pleading could not possibly be cured by

22  the allegation of other facts." *Id*. at 1130 (internal quotation marks omitted).

23      The Court informed Plaintiff previously of the applicable standards concerning the liability of

24  business establishments under the Unruh Act. (Doc. 25 at 5-6, 9.)  After the Court granted leave to

25  amend, Plaintiff again failed to allege facts sufficient to support a conclusion that the County operated

26  as a business establishment.  *See Romstad*, 41 Fed. App'x at 45; *Roe*, 2020 WL 2790008, at *5.  In light

27  of Plaintiff's failure to cure the pleading deficiencies, the Court finds further leave to amend would be

28  futile.  *See Lopez*, 203 F.3d at 1130.

**V.      Conclusion and Order**

For the reasons set forth above, the Court **ORDERS**:

1.      The motion to dismiss (Doc. 31) is **GRANTED**.

2.      Plaintiff's fourth cause of action for a violation of the Unruh Act, to the extent it is stated against the County of Kern, is **DISMISSED** without leave to amend.

IT IS SO ORDERED.

Dated:   **May 22, 2022**

UNITED STATES DISTRICT JUDGE